UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL BEHRENDSEN, Individually and
on behalf of all others similarly situated,

                    Plaintiff,

     v.

YANGTZE RIVER PORT AND LOGISTICS
LIMITED, XIANGYAO LIU, XIN ZHENG,
and TSZ-KIT CHAN,

                  Defendants.

Case No.: 1-19-cv-00024-DLI-LB

**ORAL ARGUMENT REQUESTED**

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO DISMISS
## <u>THE AMENDED CLASS ACTION COMPLAINT</u>

PHILLIPSON & URETSKY, LLP
Jonathan Uretsky
Faun M. Phillipson
111 Broadway, 8th Floor
New York, New York 10006
t: (212) 571-1164
uretsky@pullp.com
phillipson@pullp.com

*Counsel for Defendants*

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT…………………………………………..  1

II.   ARGUMENT IN FURTHER SUPPORT OF DISMISSAL…………………..  1
      A.  Plaintiffs Still Fail to Demonstrate Loss Causation……………………..  1
      B.  This Court Has the Authority to Take Judicial Notice……………………  3
      C.  Plaintiffs Have Not Properly Plead Scienter………………………………  5

III.  CONCLUSION……………………………………………………………..  7

## __TABLE OF AUTHORITIES__

<u>Cases</u>

*Abraham v. Town of Huntington*, 2018 WL 2304779 (E.D.N.Y. 2018)………………..    4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).    7

*Envtl. Servs. v. Recycle Green Servs.*, 7 F. Supp. 3d 260 (E.D.N.Y. 2014)…………….    4

*Giugliano v. F3 Capitla Partners, LLC*, 2015 WL 5124796 (E.D.N.Y. 2015)…………    4

*Koch v. Christie's Int'l PLC,* 699 F.3d 141 (2d Cir. 2012)……………………………..    6

*Salvani v. ADVFN PLC*, 50 F. Supp. 3d 459 (S.D.N.Y. 2014)…………………………    2, 7

<u>Statutes</u>

Federal Rules of Evidence, Rule 201(b), (c), (d)…………………………………….    4

## I.  PRELIMINARY STATEMENT

Defendants Yangtze River Port and Logistics Limited ("YRIV"), Xiangyao Liu ("Liu"), Xin Zheng ("Zheng"), Tsz-Kit Chan ("Chan"), James Coleman ("Coleman") and Harvey Leibowitz ("Leibowitz")[1] ("Individual Defendants" and, with YRIV, the "Defendants"), by and through their attorneys, respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss the Amended Class Action Complaint (the "Amended Complaint"). For the reasons set forth in the Defendants' moving papers and as set forth below, it is respectfully requested that this Court grant Defendants' Motion to Dismiss in its entirety and with prejudice.

## II.  ARGUMENT IN FURTHER SUPPORT OF DISMISSAL

### A.  Plaintiffs Still Fail to Demonstrate Loss Causation.

The Amended Complaint relies heavily on The Hindenburg Report, and in fact it is annexed as the Amended Complaint's sole Exhibit. Plaintiffs repeatedly emphasize that as a result of The Hindenburg Report, the share value of YRIV stock declined. See e.g., Amended Complaint, ¶157; Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Opposition"), p. 5.

Defendants' Motion to Dismiss points out that the authors of The Hindenburg Report self-admittedly were short selling shares of YRIV stock, and thereby were motivated to cause a decline in share value.  See Motion to Dismiss, p. 2.  This is not a fact in dispute.  Plaintiffs' Opposition

---

[1] The Amended Class Action Complaint did not contain the names of either James Coleman or Harvey Leibowitz in the caption, but the section entitled "Parties" mentioned them.  See Amended Class Action Complaint, ¶¶ 30 and 31; see also Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint ("Motion to Dismiss") at footnote 1. Defendants' Motion to Dismiss indicated that, while the Amended Class Action Complaint was unclear as to the inclusion of Messrs. Coleman and Leibowitz, to the extent the Court deemed it necessary and applicable, the Motion to Dismiss was made on their behalf as well. On or about September 6, 2019, Plaintiffs' filed an Amended Summons naming Messrs. Leibowitz and Coleman as parties. Accordingly, both the Motion to Dismiss and the instant Reply in Further Support of Defendants' Motion to Dismiss are made on behalf of all Defendants, including Messrs. Coleman and Leibowitz, whose response to the Amended Summons is the pending motion.

states: "Hindenburg did not hide its short position, prominently disclosing it in the report. *See* Exhibit A." See Plaintiffs' Opposition, p. 22, fn. 7.  Plaintiffs argue that "[t]he accuracy of the Hindenburg Report is a factual dispute that cannot be resolved on a motion to dismiss." Plaintiffs' Opposition, p. 7.  However, Defendants are not asking this Court to rule on the accuracy of The Hindenburg Report; rather, Defendants reference an undisputed fact in the report itself – the disclosure set forth in black and white in the report itself that its authors are short YRIV. See Amended Complaint, Exh. A, p. 18 of 22. The report specifically states that Hindenburg Research "has a short position in all stocks covered herein, and therefore stands to realize significant gains in the event that the price of any stock covered herein declines." Id. This goes directly to the issue of loss causation, and the Plaintiffs' burden to properly plead a direct and immediate connection between a risk that is hidden from investors and the subsequent loss suffered by those investors. Salvani v. ADVFN PLC, 50 F.Supp.3d 459, 473 (S.D.N.Y. 2014) ("[l]oss causation is the requirement that a plaintiff allege that the 'defendant's misrepresentation (or other fraudulent conduct) proximately caused the plaintiff's economic loss.") Here, there can be no direct connection between alleged losses and alleged misrepresentations because The Hindenburg Report's "short and distort" scheme was an intervening cause.[2]

The Plaintiffs' Opposition argues that "the accuracy of the Hindenburg Report is a factual dispute that cannot be resolved on a motion to dismiss," but Defendants are not asking this Court to rule on the accuracy of The Hindenburg Report.  The Defendants refer to an undisputed fact -- that Hindenburg Research admitted its short position in YRIV and admitted it would realize

---

[2] The Plaintiffs' Opposition now contends that "the Hindenburg Report was a corrective disclosure." See Plaintiffs' Opposition, p. 22.  However, the Alleged Complaint does not once term the Hindenburg Report as a "corrective disclosure." See Amended Complaint.

significant gains if the share value declined -- and draw the Court's attention to that undisputed fact as an intervening act of destruction that undermines Plaintiffs' ability to plead loss causation.

**B.   This Court Has the Authority to Take Judicial Notice.**

Defendants' Motion to Dismiss also points out that YRIV and its shareholders are currently involved in litigation against the authors of The Hindenburg Report for publishing false and malicious misrepresentations concerning YRIV.   Motion to Dismiss, p. 2. Plaintiffs argue that "[t]he Court should not permit Defendants to use their complaint against Hindenburg Research to insert their own version of events into the complaint to defeat well-pleaded claims."   Plaintiffs' Opposition, p. 7.   Again, Defendants are not asking this Court to rule on the allegations in the Hindenburg case pending in New York State Supreme Court.   Rather, Defendants' Motion to Dismiss points out that by relying on The Hindenburg Report, Plaintiffs are basing their alleged misrepresentations (against YRIV and the Individual Defendants) on top of other alleged misrepresentations (made by The Hindenburg Report).

Perhaps in attempt to preserve a pristine image of The Hindenburg Report as best evidence of alleged fraud here, the Plaintiffs now argue that "there is no reason" for the Court to consider the Complaint in the New York State Supreme Case against Hindenburg Research.   Plaintiffs' Opposition, p. 8.  Defendants are not asking the Court to consider the veracity of those claims, but just to take notice of the fact that the claims exist -- allegations of misrepresentation (among other things) have been made against Hindenburg Research for the very report on which Plaintiffs rest their allegations. See Motion to Dismiss, Exh. B (Majestic Symbol Ltd., *et al.* v. Hindenburg Research, *et al.*, Supreme Court of the State of New York, County of New York, Index No. 150879/2019).

Contrary to Plaintiffs' arguments, this Court has the authority to consider the existence of the Complaint in the case against Hindenburg Research.

> "[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion."

Abraham v. Town of Huntington, 2018 WL 2304779 at *3 (E.D.N.Y. 2018), quoting Giugliano v. F3 Capital Partners, LLC, 14-cv-7240, 2015 WL 5124796 (E.D.N.Y. 2015).[3] The Second Circuit has recognized exceptions to Rule 12(b)(6)'s general prohibition against considering materials outside the four corners of the Complaint, including "facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." Abraham at *3, quoting Envtl. Servs. v. Recycle Green Servs., 7 F.Supp. 3d 260, 270 (E.D.N.Y. 2014). According to the Federal Rules of Evidence, Rule 201(b), (c) and (d), the Court may take judicial notice at any stage of the proceeding either on its own or at a party's request, if a fact is not subject to reasonable dispute (either because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). In sum, the Court has the authority to consider the fact that a Complaint was filed – to consider the existence of that Complaint itself – against Hindenburg Research.

---

[3] Plaintiffs cite to Abraham to support their argument opposing the Court's taking of judicial notice of the Complaint against Hindenburg Research in Majestic Symbol Ltd., et al. v. Hindenburg Research, et al. In Abraham, Judge Spatt addressed the taking of judicial notice and said, as quoted above, that federal courts have complete discretion in determining whether to accept certain materials submitted beyond the pleadings in connection with a 12(b)(6) motion. While Judge Spatt struck an Affidavit in Abraham, it was for different reasons than the instant matter: first, there was a motion to strike pending (which there is not here), and second the stricken Affidavit had failed to certify it was made under penalty of perjury, and third the Court determined that it contained statements that were not based on personal knowledge, had conclusory allegations, legal arguments and hearsay. Abraham at *4. Judge Spatt then partially granted and partially denied the motion to strike regarding another Affidavit, allowing the Court to take judicial notice of certain Exhibits: "to demonstrate the existence of such a document or knowledge of a given fact at a particular time." Abraham at *5. That is on point with the instant matter, where Defendants seek the Court's judicial notice of the filing and existence of the Complaint against Hindenburg Research.

**C.  Plaintiffs Have Not Properly Plead Scienter.**

Defendants' Motion to Dismiss discusses the Plaintiffs' failure to properly plead the element of scienter, and describes how Plaintiffs (a) failed to plead with any particularity regarding the individual defendants, (b) failed to allege conscious misbehavior, and (c) failed to allege motive (with motive and opportunity being an alternative to strong circumstantial evidence of conscious misbehavior or recklessness).  Motion to Dismiss, pp. 19-22.

Plaintiffs now argue that "the Complaint raises a strong inference that that [sic] the Individual Defendants made statements that they, themselves, knew or should have known were false." Plaintiffs' Opposition, p. 19.  Plaintiffs argue that "[a]s Yangtze's key management, before speaking to investors about Yangtze's operations and results, the Individual Defendants minimally had a duty to ensure that the Port Logistics Center and the Company's land holdings, which formed its stated core operations, existed in the first place. ¶¶3, 26, 40-41."  However, that is not what those paragraphs of the Amended Complaint say; those paragraphs 3, 26, 40 and 41, cited by the Plaintiffs to uphold their argument that they properly plead scienter do not say that the Individual Defendants minimally had a duty to ensure that core operations existed in the first place.  The paragraphs cited by the Plaintiffs actually state:

> 3.  When Yangtze began trading on U.S. markets in December 2015, it claimed to be developing a large infrastructure project ("Port Logistics Center") under China's "One Belt One Road" initiative through its Chinese operating subsidiary, Wuhan Yangtze River Newport Logistics Co., Ltd. ("Wuhan Newport"). The Port Logistics Center would purportedly include shipping berths for cargo ships, residential and commercial buildings, professional logistic supply chain centers, direct access to the Yangtze River, Wuhan-Xinjiang-Europe Railway and ground transportation, store and processing centers, and IT supporting services.
>
> 26.  Defendant Yangtze is a Nevada corporation with headquarters in New York City. Yangtze operates through its wholly-owned subsidiary, Energetic Mind Limited ("Energetic Mind"), a British Virgin Islands corporation, which in turn operates through its wholly-owned subsidiary,

Ricofeliz Capital (HK) Limited ("Ricofeliz Capital"), a Hong Kong corporation, which in turn operates through its wholly-owned subsidiary, Wuhan Newport, a PRC corporation. Yangtze reached the U.S. markets through a reverse merger. Yangtze's securities trade on NASDAQ under the ticker symbol "YRIV."

40.  In December 2015, Yangtze entered the U.S. stock market through a reverse merger with Kirin. Jaclin represented Kirin in the transaction. Kirin effectively acquired all of the issued and outstanding ordinary shares of Energetic Mind, a British Virgin Islands company. Energetic Mind had a wholly owned subsidiary formed under the laws of Hong Kong, Ricofeliz Capital. Wuhan Newport, in turn, was the wholly owned subsidiary of Ricofeliz Capital. Since the reverse merger, Yangtze has operated through Energetic Mind, which operates through Ricofeliz Capital, which operates through Wuhan Newport. On January 13, 2016, Yangtze filed a Certificate of Amendment to its Articles of Incorporation with the Secretary of the State of the State of Nevada, changing its name from "Kirin International Holding, Inc." to "Yangtze River Development Limited." Effective January 22, 2016, Company [sic] changed its stock symbol from "KIRI" to "YERR."

41.  According to an 8-K the Defendants filed with the SEC on December 21, 2015, Wuhan Newport was a developer that was focused on developing the Port Logistics Center, a large infrastructure project implemented under China's latest "One Belt One Road" Initiative.

See Plaintiffs' Opposition, p. 19 (referencing ¶¶3, 26, 40-41); see also Amended Complaint, ¶¶3, 26, 40-41.  The referenced paragraphs say a lot, but they do not allege scienter and they do not stand for the allegations Plaintiffs' Opposition cites them for; specifically, these paragraphs do not at all allege that the Individual Defendants minimally had a duty to ensure the land holdings and core operations existed in the first place before speaking to investors.  See Amended Complaint, p. 19 (lines 15-18).

Defendants understand that when ruling on a 12(b)(6) Motion to Dismiss, the Court must accept all factual allegations in the Complaint as true and draw all reasonable inferences in the Plaintiffs' favor.  Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012). But those paragraphs above, which Plaintiffs' Opposition specifically references in support of its scienter

fulfillment, do not reference scienter, motive and opportunity or conscious misbehavior or recklessness.  These pleading failures by the Plaintiffs are what prove fatal to the claims and prevent Plaintiffs from "nudg[ing] his claims across the line from conceivable to plausible." Salvani v. ADVFN PLC, 50 F.Supp.3d 459, 470 (S.D.N.Y. 2014), citing Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Defendants also respectfully reiterate and incorporate their previous arguments, that the Plaintiff has not plead loss causation, has failed to allege actionable misstatements or omissions, has not properly plead scienter, and has no viable claim(s) for control person liability, as set forth in the Motion to Dismiss.

### III.  CONCLUSION

For the reasons set forth in the Defendants' moving papers and as set forth herein, it is respectfully requested that this Court issue an Order (i) granting Defendants' Motion to Dismiss in its entirety and with prejudice, and (ii) for any such other and further relief that the Court deems just and appropriate.

Dated: October 7, 2019
          New York, New York

Respectfully submitted,

PHILLIPSON & URETSKY, LLP

Jonathan Uretsky
Faun M. Phillipson
Phillipson & Uretsky, LLP
111 Broadway, 8th Floor
New York, New York 10006
t: (212) 571-1164

*Counsel for Defendants*