**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL BEHRENDSEN, Individually and on behalf of all others similarly situated, | Case No.: 1-19-cv-00024-DLI-LB |
| Plaintiff, | |
| v. | |
| YANGTZE RIVER PORT AND LOGISTICS LIMITED, XIANGYAO LIU, XIN ZHENG, and TSZ-KIT CHAN, | |
| Defendants. | |

## ANSWER TO AMENDED CLASS ACTION COMPLAINT

Defendants[1], by and through their attorneys, PULLP, as and for an Answer to the Amended Class Action Complaint for the captioned action, hereby asserts as follows:

1.      Denies that such persons or entities comprise a class, and deny the remainder of the allegations found in ¶1.

2.      Denied.

3.      Admitted.

4.      Admitted.

5.      Denied.

6.      Denied.

---

[1] The "Defendants" means only those defendants left remaining in the matter after the Court's decision on Defendants' Motion to Dismiss.

1

7.    Admit such a publication was published that day which contain false statements as part of a fraudulent short and distort scheme, but deny the remainder of the allegations found in ¶ 7.

8.    Denied.

9.    Admit that the report makes that misrepresentation, but deny the remainder of the allegations in ¶9.

10.    Admit that the report makes that misrepresentation, but deny the remainder of the allegations in ¶10.

11.    Admit that the report makes that misrepresentation, but deny the remainder of the allegations in ¶11.

12.    Admitted.

13.    Defendants lack sufficient information to make any assertion as to whether Plaintiffs actually hired an investigator, or whether that investigator did any actual investigation, and on that basis, deny the allegations in ¶13.

14.    Defendants lack sufficient information to make any assertion as to whether Plaintiffs actually hired an investigator, or whether that investigator did any actual investigation, and on that basis, deny the allegations in ¶14.

15.    Defendants lack sufficient information to make any assertion as to whether Plaintiffs actually hired an investigator, or whether that investigator did any actual investigation, and on that basis, deny the allegations in ¶15.

16.    Defendants lack sufficient information to make any assertion as to whether Plaintiffs actually hired an investigator, or whether that investigator did any actual investigation, and on that basis, deny the allegations in ¶16.

17.     Defendants lack sufficient information to make any assertion as to whether Plaintiffs actually hired an investigator, or whether that investigator did any actual investigation, and on that basis, deny the allegations in ¶17.

18.     Defendants lack sufficient information to make any assertion as to whether Plaintiffs actually hired an investigator, or whether that investigator did any actual investigation, and on that basis, deny the allegations in ¶18.

19.     Defendants lack sufficient information to make any assertion as to whether Plaintiffs searched as described, or what they may have found, and on that basis, deny the allegations in ¶19.

20.     Denied.

21.     Defendants leave questions of law to the sound discretion of the Court.

22.     Defendants leave questions of law to the sound discretion of the Court.

23.     Defendants leave questions of law to the sound discretion of the Court.

24.     Defendants leave questions of law to the sound discretion of the Court.

25.     Denied.

26.     Denied.

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     Admitted.

32.

(a) Admitted.

(b) Admitted.

(c) Admitted.

3

(d) Denied.

(e) Admitted.

(f) Denied.

(g) Denied.

33.    Denied as there are no wrongful acts.

34.    Denied as no scienter exists.

35.    There are no allegations in ¶35.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Admitted.

41.    Admit that the 8-K states what it states.

42.    Admit that the 8-K states what it states.

43.    Admit that the 10-K states what it states.

44.    Coleman is no longer a party to this case, and regarding Yangtze's office, that allegation is denied.

45.    Leibowitz is no longer a party to this case, and thus any allegations about the remaining parties is denied.

46.    Admits that filings were filed, which state what they state, and deny the remainder of the allegations in ¶46.

47.    Admits that Yangtze announced exactly what it announced, and deny the remainder of the allegations in ¶47.

48.    Denied.

49.    Admitted.

4

50.    Admitted.

51.    Admitted.

52.    Admit that the S-3 was filed and amended, and deny the other allegations contained in ¶52.

53.    Admit that the 10-K was filed and states what it states, and deny the other allegations contained in ¶53.

54.    Denied.

55.    Admit that the 10-K states what it states.

56.    Denied.

57.    Admit that the 10-K states what it states.

58.    Denied.

59.    Admit that the 10-Q was filed and states what it states, and deny the other allegations contained in ¶59.

60.    Denied.

61.    Denied.

62.    Admit that the 10-Q states what it states.

63.    Denied.

64.    Admit that the 10-Q states what it states.

65.    Denied.

66.    Admit that the 10-Q states what it states.

67.    Denied.

68.    Denied.

69.    Admit that the 10-Q states what it states.

70.    Denied.

71.    Admit that the 10-Q states what it states.

72.    Denied.

73.    Admit that the 10-Q states what it states.

74.    Denied.

75.    Denied.

76.    Admit that the 10-Q states what it states.

77.    Denied.

78.    Admit that the 10-Q states what it states.

79.    Denied.

80.    Admit that the 10-K states what it states.

81.    Denied.

82.    Denied.

83.    Admit that the 10-K states what it states.

84.    Denied.

85.    Admit that the 10-K states what it states.

86.    Denied.

87.    Admit that the press release states what it states.

88.    Denied.

89.    Admit that the 10-Q states what it states.

90.    Denied.

91.    Denied.

92.    Admit that the 10-Q states what it states.

93.    Denied.

94.    Admit that the 10-Q states what it states.

95.    Denied.

96.    Admit that the 10-Q states what it states.

97.     Denied.

98.     Denied.

99.     Admit that the 10-Q states what it states.

100.    Denied.

101.    Admit that the 10-Q states what it states.

102.    Denied.

103.    Admit that the 10-Q states what it states.

104.    Denied.

105.    Admit that the 10-Q states what it states.

106.    Denied.

107.    Denied.

108.    Admit that the 10-Q states what it states.

109.    Denied.

110.    Admit that the 10-Q states what it states.

111.    Denied.

112.    Admit that the 10-Q states what it states.

113.    Denied.

114.    Admit that the 10-K states what it states.

115.    Denied.

116.    Denied.

117.    Admit that the 10-K states what it states.

118.    Denied.

119.    Admit that the 10-K states what it states.

120.    Denied.

121.    Admit that the 10-K states what it states.

122.    Denied.

123.    Admit that the 10-Q states what it states.

124.    Denied.

125.    Denied.

126.    Admit that the 10-Q states what it states.

127.    Denied.

128.    Admit that the 10-Q states what it states.

129.    Denied.

130.    Admit that the 10-Q states what it states.

131.    Denied.

132.    Admit that the 10-Q states what it states.

133.    Denied.

134.    Denied.

135.    Admit that the 10-Q states what it states.

136.    Denied.

137.    Admit that the 10-Q states what it states.

138.    Denied.

139.    Admit that the 10-Q states what it states.

140.    Denied.

141.    Admit that the 10-Q states what it states.

142.    Denied.

143.    Denied.

144.    Admit that the 10-Q states what it states.

145.    Denied.

146.    Admit that the 10-Q states what it states.

147.    Denied.

148.    Admit that the 10-Q states what it states.

149.    Denied.

150.    Admit that Barron's published what it published.

151.    Admit that the report makes those misrepresentations, but deny the remainder of the allegations in ¶151.

152.    Admit that the report makes those misrepresentations, lack sufficient information to answer one way or the other about any purported investigation by Plaintiffs, and deny the remainder of the allegations in ¶152.

153.    Admit that the report makes those misrepresentations, lack sufficient information to answer one way or the other about any purported investigation by Plaintiffs, and deny the remainder of the allegations in ¶153.

154.    Admit that the report makes those misrepresentations, but deny the remainder of the allegations in ¶154.

155.    Defendants lack sufficient information to answer one way or the other about any purported investigation by Plaintiffs, and thus deny the remainder of the allegations in ¶155.

156.    Admit that the report makes those misrepresentations, but deny the remainder of the allegations in ¶156.

157.    Admitted.

158.    Denied.

159.    Deny that such a class exists and leaves all legal questions to the sound discretion of the Court.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied, while leaving all legal questions to the sound discretion of the Court.

164.    Denied.

165.    Denied, while leaving all legal questions to the sound discretion of the Court.

166.    Denied, while leaving all legal questions to the sound discretion of the Court.

167.    Denied, while leaving all legal questions to the sound discretion of the Court.

168.    Defendants repeat the prior assertions to each response.

169.    Defendants leave all legal questions to the sound discretion of the Court.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Defendants repeat the prior assertions to each response.

179.    Defendants admit that certain Individual Defendants operated the company and deny all other allegations in ¶179.

180.    Admitted.

181.    Denied, while leaving all legal questions to the sound discretion of the Court.

182.    Denied.

183.    To the extent not set forth above, Defendants deny any other purported allegation in the Amended Complaint in its entirety.

## PRAYER FOR RELIEF

Answering Plaintiffs' prayer for relief, the Defendants deny that Plaintiffs are entitled to relief against the Defendants.

## JURY DEMAND

Answering Plaintiffs' demand for a jury trial, Defendants deny that Plaintiffs have a right to a jury trial as against Defendants, except the Defendants admit that Plaintiffs purport to demand a jury trial.

\*   \*   \*   \*   \*

1.      To the extent any more specific response were to be required, the Defendants state that all responses based in substance upon lack of knowledge or information, knowledge or information insufficient to form a belief as to the truth of Plaintiffs' allegations, or a reference to a document or statement not made by Defendants or a then current YRIV senior officer should be construed to have the effect of a denial.

The Defendants deny each and every allegation of the Complaint not specifically admitted; and any allegation which the Defendants admit is admitted only as to the specific facts admitted, and not as to any characterization, implication, speculation, or conclusion contained in the allegation in the Complaint as a whole.

11

## ADDITIONAL DEFENSES

As additional defenses, the Defendants allege, assert, and aver the following, which apply to each and every cause of action asserted in the Complaint against the Defendants to which such defense is or may be applicable. By virtue of alleging these further defenses, the Defendants do not assume any burden of proof, persuasion, or productionnot otherwise legally assigned to them. The Defendants also do not concede that facts contrary to one or more of the averments that follows would support liability as to the Defendants. The Defendants reserve all rights to assert other defenses as appropriate.

### FIRST DEFENSE

The Complaint fails to state any claim against the Defendants upon which relief be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because the Defendants did not omit or fail to state any material facts that were necessary in order to make any statement made by the Defendants not false or misleading.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because the Defendants did not male any statements that were false or misleading when made.

### FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged misrepresentations or omission were not material as a matter of law.

12

## FIFTH DEFENSE

The Complaint fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1).

## SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the Defendants did not intentionally make any misleading statement or misleading, actionable omission. At all times, and with respect to all matters contained herein, the Defendants acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the Defendants did not negligently make any misleading statement or misleading, actionable omission.  At all times, and with respect to all matters contained herein, the Defendants acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

## EIGHTH DEFENSE

Plaintiffs cannot establish any individual had knowledge of or reasonable grounds to believe in the existence of facts by reason of which the liability of the controlled person is alleged to exist.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the filings referenced above did not contain any untrue statements of material fact or omit to state any material facts required to be stated therein or necessary to make the statements therein notmisleading.

## TENTH DEFENSE

The statements complained of were, at the time of their utterance, made in good faith and upon reliance on what the speakers believed was true at the time such statements were uttered.

## ELEVENTH DEFENSE

The Complaint fails to adequately plead loss causation, and in fact, Plaintiffs cannot prove loss causation.

## TWELFTH DEFENSE

The Complaint fails to adequately plead transaction causation, and in fact, Plaintiffs cannot prove transaction causation.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have not alleged injuries that were proximately caused by any alleged misrepresentation or omission.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the Complaint.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs did not rely upon, nor were they misled by, any filing or statement as to which liability is asserted, nor did such filing or statement affect their decisions regarding buying or selling securities.

## SIXTEENTH DEFENSE

The Defendants did not breach any duties owed to Plaintiffs.

## SEVENTEENTH DEFENSE

Defendants did not engage in acts, practices, or a course of business that operated as a fraud or deceit upon Plaintiffs in connection with Plaintiffs' purchases of Securities.

## EIGHTEENTH DEFENSE

The Defendants are not liable because they did not make any false or misleading statements or omissions of material fact on which Plaintiffs relied, and the Defendants are not responsible for any alleged false or misleading statement or omission of material fact on which Plaintiffs allegedly relied that were made by third parties.

15

## NINETEENTH DEFENSE

Plaintiffs are not entitled to any recovery because, with regard to any part of the statements and filings challenged in the Complaint Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the statement or filing became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading.

## TWENTIETH DEFENSE

To the extent that Plaintiff has received reimbursement for all or a part of the damages claimed, Plaintiff should be estopped from asserting the same herein.

## TWENTY-FIRST DEFENSE

The Defendants are not liable because Plaintiffs knew or had reason to know the truth notwithstanding any alleged misrepresentations or omissions on which their claims arebased.

## TWENTY-SECOND DEFENSE

The Defendants are not liable because Plaintiffs knew or should have known of the allegedly omitted or misstated information.

16

## TWENTY-THIRD DEFENSE

The Defendants are not liable because certain alleged misstatements by the Defendants were forward-looking statements, were identified as such and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements. Accordingly, such alleged misstatements are non-actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-5(c)(1)(A), and the bespeaks caution doctrine.

## TWENTY-FOURTH DEFENSE

The Defendants are not liable because certain alleged misstatements are not actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78(u)- 5(c)(1)(B), because: (a) the statements were forward-looking and the person making the statement did not have actual knowledge that the statements were false or misleading or (b) the statements were made or approved by an executive officer of who did not have actual knowledge that the statements were false or misleading.

## TWENTY-FIFTH DEFENSE

The damages for which Plaintiffs claim the Defendants are responsible arise from a decline in share price that was not caused or contributed to by the disclosure of any material misrepresentation or actionable omission by the Defendants and were otherwise caused or contributed to by (a) persons or entities for whom the Defendants are not responsible and for whom the Defendants are not liable, or (b) factors other than any alleged misrepresentations or omissions for which the Defendants may be responsible.

## TWENTY-SIXTH DEFENSE

The  Defendants are not liable because the alleged misrepresentations and omissions in the Complaint did not affect the market price of  Securities.

## TWENTY-SEVENTH DEFENSE

The Defendants are not liable because any decline in value of the securities of which Plaintiffs complain was caused by external market factors.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs were not misled by the market price of the securities insofar as the market or price may have been affected by any alleged misrepresentation or material omission by the Defendants.

## TWENTY-NINTH DEFENSE

Plaintiffs' alleged damages were the result of intervening or superseding events, acts or omissions of other parties, or industry or market conditions over which the  Defendants had no control and for which they cannot be held liable to Plaintiffs.

## THIRTIETH DEFENSE

The Defendants are not liable under Section 11 of the Securities Act of 1933 for damages in excess of the price at which the Notes were offered to the public.

18

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations, statute of repose, or other limitations period.

## THIRTY-SECOND DEFENSE

Plaintiffs lack standing to assert some or all of their claims.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred because Defendants acted with appropriate due diligence.

## THIRTY-FOURTH DEFENSE

This case should not be certified as a class action because the class as alleged by Plaintiffs does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## THIRTY-FIFTH DEFENSE

The Defendants are entitled to recover contribution and/or indemnification from others for any liability they incur.

## THIRTY-SIXTH DEFENSE

Some or all of Plaintiffs' claims are barred in whole or in part by the Act of State Doctrine.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred because certain statements challenged by the Complaint were matters of opinion that, at the time those statements were made, were genuinely believed by the speaker.

## THIRTY-EIGHTH DEFENSE

The  Defendants reserve the right to assert and pursue additional defenses,including any that may become known through discovery or otherwise.

## ADDITIONAL DEFENSES RESERVED

The Defendants hereby give notice that they may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserve the right to amend their answer and to assert any additional defenses, cross-claims, counterclaims, and third party claims as they become known or available.

**WHEREFORE**, the Defendants pray for relief and judgment:

      A.  Denying Plaintiffs the relief sought in the Complaint;

      B.  Dismissing the Complaint with prejudice;

      C.  Ordering that Plaintiffs take nothing and that judgment be entered against Plaintiffs;

      D.  Awarding the  Defendants costs and expenses, including counsel andexpert fees; and

      E.  Granting such other and further relief as the Court may deem just and

proper.

Dated: New York, New York

        July 25, 2021

                                    Yours etc.,
                                    PULLP

By:                               

                                    Jon Uretsky (JU-9612)
                                    PULLP
                                    111 Broadway, 8th Floor
                                    New York, New York 10006
                                    (212) 571-1164
                                    *Attorneys for Defendant*