

**The Rosen Law Firm**
I N V E S T O R   C O U N S E L

Leah Heifetz-Li
lheifetz@rosenlegal.com

November 8, 2021

**VIA ECF**
Honorable Lois Bloom
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Behrendsen v. Yangtze River Port and Logistics Limited et. al.*,
     Case No. 1:19-cv-00024-DLI-LB

Your Honor:

  We represent Plaintiffs in this action. By this letter, we move to compel Defendants Yangtze River Port and Logistics Limited ("Yangtze" or "Company") and Xiangyao Liu ("Liu") to respond to Plaintiffs' First Set of Interrogatories ("First Interrogatories"). Plaintiffs served the interrogatories on August 23, 2021. Defendants' signed responses were due on September 22, 2021. Plaintiffs agreed to extend Defendants' response date to October 8, 2021. Defendants have failed timely to serve responses, ignoring the extension date. Instead, on October 19, 2021, Defendants' attorney transmitted unsigned responses labeled as drafts to Plaintiffs. These drafts do not satisfy Defendants' obligations under Fed. R. Civ. P. 33. these are not in final form. Defendants' failure to make timely objections to the First Interrogatories waives all possible objections. They must now answer fully.

  The First Interrogatories seek to ascertain Defendants' financial resources, including insurance, assets, and land leases, and to identify whether Defendants are involved in any other litigation that could impact their access to their assets. Specifically, Plaintiffs ask Defendants to identify any insurance policy that they have carried since December 1, 2015 that may cover the claims that Plaintiffs bring in the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") (ECF No. 12), ask Defendants to identify their assets, state whether any government authority has placed a freeze or hold on these assets, ask Defendants to identify all land that they have leased, ask Defendants to identify all litigation in which they are a party, ask for the identity of all persons with knowledge concerning the preparation of Yangtze's financial reports, and all persons that they expect to call as witnesses at trial of this action.

  Parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case". Fed. R. Civ. P. 26. The Supreme Court has construed relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v.*

Honorable Lois Bloom
United States Magistrate Judge
November 8, 2021

*Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). To determine proportionality, the Federal Rules direct courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26. On a motion to compel, "[t]he party that resists discovery has the burden to show why the discovery request should be denied." *Roness v. T-Mobile USA, Inc.*, No. C18-1030 RSM, 2019 WL 3036407, at *1 (W.D. Wash. July 11, 2019) *citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

The information that the First Interrogatories seek is relevant directly to the falsity and scienter elements of Plaintiffs' claim because the Complaint alleges that Defendants falsely claimed that Yangtze had assets of approximately $400 million, as well as land leases from Chunfeng Village, and omitted material legal proceedings against the Company. *See, e.g.,* ¶¶4, 8, 65.[1]

This information would also enable Plaintiffs to determine whether Defendants are able to meet a judgment. In their Initial Rule 26(a) Disclosures, Defendants Yangtze and Liu claimed that there was no insurance available to them for this case. Based on this statement, and the allegation that Defendants defrauded investors by overstating Yangtze's assets, Plaintiffs are concerned about Defendants' ability to fulfill a judgment against them. Responses from Defendants to the First Interrogatories are necessary to enable Plaintiffs to understand the possibility of a recovery in this action.

Defendants' counsel, Jonathan Uretsky, initially asked Plaintiffs for an extension until October 8, 2021 to respond to the First Interrogatories. Plaintiffs agreed. After the extended deadline passed and Plaintiffs inquired about the status of Defendants' response, Mr. Uretsky responded, on October 19, 2021: "I don't mind showing you the responses generally (see attached). I'm still working on getting them signed for you. Sorry." His email attached draft versions of responses from Defendants Yangtze and Liu. Defendants have yet to provide signed responses to the First Interrogatories.

Fed. R. Civ. P. 33(b) requires that interrogatories be answered 'separately and fully in writing under oath,' signed by the person making them. The attorney who objects to interrogatories must sign the objections. An unsigned draft version is not an acceptable answer. *Cabales v. United States*, 51 F.R.D. 498, 499 (S.D.N.Y. 1970), *aff'd* 447 F.2d 1358 (2d Cir. 1971) (an unsigned, unverified writing purporting to be plaintiff's answers to interrogatories did not qualify as an answer under Rule 33); *Trueman v. N.Y. State Canal Corp.*, No. 09-CV-049, 2010 WL 681341, at *5 (N.D.N.Y. Feb. 24, 2010) (while an attorney may assist in the drafting of interrogatory responses, "the answer must remain the party's and not the attorney's"); *287 Franklin Ave. Residents' Ass'n v. Meisels*, No. 11-CV-976, 2012 WL 1899222, at *9 (E.D.N.Y. May 24, 2012) (interrogatory responses must be given under oath by the party). Any ground for objecting to an interrogatory not stated in a timely objection is waived, including grounds of attorney-client privilege and privilege of work-product. Fed. R. Civ. P. 33(b); *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D.Conn. 2006).

---

[1] "_¶" refers to paragraphs of the Complaint.

2

Honorable Lois Bloom
United States Magistrate Judge
November 8, 2021


The drafts that Mr. Uretsky provided are neither sufficient interrogatory responses nor adequate objections. Defendants have now had over two months to respond to the First Interrogatories and have failed to do so or to provide any justification for continuing to delay. By this delay, they have waived all objections. On October 20, 2021, I advised Mr. Uretsky by email that if Plaintiffs did not receive answers from Defendants Yangtze and Liu by October 22, 2021, Plaintiffs would move to compel responses. Defendants have continued not to provide responses.

Plaintiffs now respectfully ask the Court to order Defendants to answer the First Interrogatories, and to pay the costs of making this motion pursuant to Fed. R. Civ. P. R. 37(a)(5). *See* Rule 37(a), F.R.Civ.P. Advisory Committee Notes to 1970 Amendment (costs award is mandatory unless court finds that non-moving party acted justifiably).

Respectfully submitted,

/s/ Leah Heifetz-Li
Leah Heifetz-Li

cc:    All counsel of record (via ECF)