UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHAEL BEHRENDSEN and MARION
GARCIA,

                Plaintiffs

    -against-

YANGTZE RIVER PORT AND LOGISTICS
LIMITED and XIANGYAO LIU,

               Defendants.
---------------------------------------------------------------X

**ORDER**

**19 CV 24 (DLI)(LB)**

**BLOOM, United States Magistrate Judge:**

The Court held a telephone conference in plaintiffs' putative securities fraud class action case on December 16, 2021. Plaintiffs' motion to compel defendants' responses to plaintiffs' First Set of Interrogatories, ECF No. 29, is denied as moot. Plaintiffs' counsel confirmed on the record during the conference that defendants provided signed and verified interrogatory responses after plaintiffs filed their motion.

Jonathan Uretsky, counsel for defendants Yangtze River Port and Logistics Limited ("Yangtz River") and Xiangyao Liu, failed to appear at today's conference. After waiting for Mr. Uretsky to appear, plaintiffs' counsel emailed him, and my law clerk called him and left a voicemail message instructing him to appear. Plaintiffs' counsel informed the Court that Mr. Uretsky emailed her and stated that he was having trouble using the access code to join the conference. The Court afforded Mr. Uretsky an additional amount of time to join the conference but he failed to appear. After the passage of nearly twenty minutes from the conference's scheduled time, Mr. Uretsky called my Chambers and stated that he was unable to access the conference. Mr. Uretsky was instructed to use the number and access code listed on the docket to join the conference but failed to appear.

The Order scheduling today's conference contained both the Chambers telephone conference line phone number and instructed the parties to use the access code provided. See Electronic Order dated Nov. 9, 2021. Both the telephone number and the access code are correctly listed on the docket. Id. The Court, plaintiffs' counsel, and a Yangtze River investor were all able to join the conference at the appointed time without issue. The Court held a prior conference in another matter immediately before today's conference and the parties in that matter had no issue joining the conference. The Court has held at least two prior telephone conferences in this case, both of which used the same Chambers telephone conference line number and access code as today's conference. Mr. Uretsky was present during those conferences. The access procedures have not changed. The Court ordered defendants to respond to plaintiffs' motion to compel by November 30, 2021 and defendants' counsel failed to do so. See Electronic Order dated Nov. 9, 2021. Counsel's failure to respond to the Court's Order and failure to participate in today's conference is unacceptable. The Court and the parties deserve better. Defendants have retained counsel to represent their interests; they are entitled to have their attorney appear before the Court on their behalf.

When a party "fails to appear at a scheduling or other pretrial conference," courts have the authority to "order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees" of the party's adversary, "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f). "In deciding whether a sanction is merited, the [C]ourt need not find that a party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction." Mahoney v. Yamaha Motor Corp. U.S.A., 290 F.R.D. 363, 366 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). "While the rule permits fee shifting, it does not create an entitlement to full

2

compensation.  Rather, any fees awarded must be related to the expenses incurred as a result of the sanctioned misconduct. Further, the sanction should be no more severe than is necessary to deter the party against whom it is imposed." Uretsky v. Acme Am. Repairs, No. CV–07–4688(SG), 2011 WL 1131326, at *1 (E.D.N.Y. Mar. 28, 2011) (internal quotation marks and citations omitted).   Finally, where it is counsel who flouts Court orders, the purpose of Rule 16(f) is "best served by imposing sanctions upon…counsel, rather than" the represented party. Burgie v. Euro Brokers, Inc., No. 05-CV-968(KAM), 2006 WL 845400, at *17 (E.D.N.Y. Mar. 30, 2006).

Accordingly, Mr. Uretsky shall show good cause in writing pursuant to Fed. R. Civ. P. 16(f) by December 30, 2021 why the Court should not personally sanction him in the amount of $300 to be paid to plaintiffs' counsel for his failure to appear at today's conference. Defendants' counsel is also ordered to serve a copy of this Order on his clients and to file proof of service forthwith.

SO ORDERED.

/S/

LOIS BLOOM
United States Magistrate Judge

Dated: December 16, 2021
       Brooklyn, New York

3