UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL BEHRENDSEN, Individually, and
on behalf of all others similarly situated,

                        Case No.: 1-19-cv-00024-DLI-LB


          Plaintiff,

   v.

YANGTZE RIVER PORT AND LOGISTICS          **DECLARATION OF**
LIMITED, XIANGYAO LIU, XIN ZHENG,           **JONATHAN URETSKY**
and TSZ-KIT CHAN,


          Defendants.

----------------------------------------------------------X


STATE OF NEW YORK     )
                            ) :ss
KINGS COUNTY          )

JONATHAN URETSKY, being duly sworn, deposes and says:

1.     I am counsel to Defendants in this litigation.  As such, I am fully familiar with the facts and circumstances of this matter.

2.     I submit this Declaration in response to the Court's Order (ECF#30) ordering me to show cause "why the Court should not personally sanction [me] in the amount of $300 to be paid to plaintiffs' counsel for [my] failure to appear at today's conference."

3.     As an initial matter, I want to apologize for failing to appear at the conference.

4.     No disrespect to the Court or to opposing counsel was in any way intended.

5.     As to the Court's Order to show cause, I respectfully request that the Court use its discretion and decided that sanctions are not warranted here.

6.      Put succinctly, I would ask the Court to determine that I should not be sanctioned for failing to attend a telephone conference at which I attempted to appear (but was unable to "enter").

7.      The conference in question was held at 10:30am on December 16, 2021, which was scheduled pursuant to the Court's text Order dated November, 9, 2021.

8.      I prepared for the conference by reviewing the file and the prior history of the case. In this regard, I reviewed:

  a.  The operative Complaint;

  b.  The Motion to Dismiss and opposing counsel's Opposition;

  c.  The Court's Decision and Order on the Motion to Dismiss;

  d.  My notes from the Rule 26(f) Planning Meeting;

  e.  My notes regarding discovery rules/guidelines in this case;

  f.  My notes regarding the 7/29 and 9/9 conferences;

  g.  The 26(f) disclosures;

  h.  My correspondence with opposing counsel, including the disclosures at issue;

  i.  My October 19th correspondence about these responses (when I provided unsigned responses and indicated I was still working on obtaining signatures);

  j.   My November 9th correspondence sending signed, but unnotarized signed responses; and

  k.  My correspondence with my clients concerning the difficult in getting documents notarized in China.

9.      After this review, having sufficiently prepared for the conference, at or immediately prior to 10:30am on December 16, 2021, I was at my office, and attempted to dial in to the conference.

2

10.    I have been working from home more often that from the office during the past year due to Covid-19 related concerns, and had previously used my home phone to access the Court's Chambers telephone conference line successfully for prior calls in this matter.

11.    December 16, 2021 was the first time I attempted to use the landline at my office to do so.

12.    I have no particular reason to "blame" the office landline hardware, but note this distinction (although I do not think this is a pertinent factor in the sanctions determination).  I raise it solely in order to attempt a response to the section in the Court's Order noting that the access procedures for this conference we not changed from the access procedures I had successfully utilized for other telephone conferences in this matter.

13.    My first several attempts to access the conference line were entirely unsuccessful.

14.    Eventually, after a number of attempts, I was prompted to put in the access code.

15.    To the best of my knowledge, I inputted the proper access conde, which I have done successfully previously for other conferences in this matter.

16.    After I did so, I could not hear anything.

17.    I was unsure if I was on hold with no "hold music" or if there was something wrong with my own line's audio.

18.    While I was on hold with no audio, my other line indicated someone was calling.

19.    I now know that it was the Court's law clerk on my other line, but I did not pick up that call in real time because I didn't want to switch off the connection with the conference line that I (wrongly) thought I was on hold with.

20.    I stayed on that connection for a few more minutes before I hung up.  I noted there was a voice message waiting for me, but I thought it best to listen to after the conference.

21.    I went to the Court's Individual Practices to look for the Chambers phone number.

3

22.    I obtained the Chambers number and was about to call when I re-read Section 1-B, "Communications with Chambers."

23.    That Rule says that "Telephone calls to Chambers are permitted only in emergency situations requiring immediate attention." See Hon. Lois Bloom Individual Practices, Section 1-B.

24.    I hesitated, unsure if an inability to access a telephone conference qualified as an emergency.

25.    I decided that instead of calling Chambers, I would email opposing counsel and inform her I couldn't get on the conference.

26.    After I did that I checked my email inbox and saw that she had already sent me an email with the conference instructions.

27.    I then tried to call in again, this time using my cell, but got an error message saying the access code was not recognized.

28.    I did this three times and got the same error message.

29.    At this point I decided that my inability to access the telephone conference had risen to the level of an "emergency situation[] requiring immediate attention" (see *id*) and called Chambers.

30.    I explained the situation and asked if Chambers could conference me in.

31.    I was instructed to hang up and wait to receive a call from someone in the conference.

32.    I did not receive a call from the conference.

33.    I emailed opposing counsel again, asking if she could add me to the conference.

34.    Instead, opposing counsel notified me that the call had ended.

35.    I had prepared for the conference.

36.    I attempted in good faith to appear at the conference.

37.    I had no intention to fail to appear at the conference.

38.     I have appeared at every other conference/similar event in this matter, and have no intention of failing to appear at any and all future conferences/similar events.

39.     Sanctions are not necessary as a deterrent.

40.     I contacted both opposing counsel and the Court in an effort to access the conference.

41.     While the Court certainly does not need to find that I acted in bad faith in order to issue sanctions, I would ask the Court to take such factors into account when considering the issue.

42.     Again, I apologize to both the Court and to opposing counsel for my failure to appear at the conference.


December 18, 2021

Brooklyn, New York


Respectfully submitted,

Jonathan Uretsky