UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL BEHRENDSEN, Individually and on behalf of all others similarly situated,

           Plaintiff,

    v.

YANGTZE RIVER PORT AND LOGISTICS LIMITED, XIANGYAO LIU, XIN ZHENG, and TSZ-KIT CHAN,

           Defendants.

Case No.: 1-19-cv-00024-DLI-LB

# MEMORANDUM OF LAW IN RESPONSE TO THE DECEMBER 16, 2021 ORDER TO SHOW CAUSE

PULLP
Jonathan Uretsky
111 Broadway, 8th Floor
New York, New York 10006
T: (212) 571-1164
uretsky@pullp.com

## TABLE OF CONTENTS

*Mahoney v. Yamaha Motor Corp.* U.S.A., 290 F.R.D. 363, 366 (E.D.N.Y. 2013)…….3

*Uretsky v. Acme Am. Repairs*, No. CV–07– 4688(SG), 2011 WL 1131326 ……….. … 5 (E.D.N.Y. Mar. 28, 2011)

## TABLE OF AUTHORITIES

*Fed. R. Civ. P. 16(f)*…………………………………………………………….... 3, 4

Defendants' counsel, Jonathan Uretsky, respectfully submits this memorandum of law in response to the Order to Show Cause issued by the Court on December 16, 2021 (ECF#30), ordering me to show cause "why the Court should not personally sanction [me] in the amount of $300 to be paid to plaintiffs' counsel for [my] failure to appear at today's conference."

## PRELIMINARY STATEMENT

As a preliminary matter, I want to apologize for failing to appear at the conference. No disrespect to the Court or to opposing counsel was in any way intended. As to the Court's Order to show cause, I respectfully request that the Court use its discretion and decided that sanctions are not warranted here. Put succinctly, I would ask the Court to determine that I should not be sanctioned for failing to attend a telephone conference at which I attempted to appear (but was unable to "enter"). I respectfully request that the Court determine not to issue sanctions.

## LEGAL STANDARD

The Court correctly cited the applicable law and I do not challenge those cases or legal principles. Indeed, as the Court cited in ECF#30, courts have the authority to "order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees" of the party's adversary, "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." *Fed. R. Civ. P. 16(f).* "In deciding whether a sanction is merited, the [C]ourt need not find that a party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction." *Mahoney v. Yamaha Motor Corp.* U.S.A., 290 F.R.D. 363, 366 (E.D.N.Y. 2013) (internal quotation marks and citation omitted).

3

## **ARGUMENT**

Simply because one has the authority to take a certain action does not mean one must, or should, take that action.  Here, the Court should, in its discretion, determine that this is not a situation where sanctions are warranted.  While there is no legal requirement for this Court to make a determination of bad faith in order to issue sanctions, there is also no reason the Court should not consider the lack of bad faith present here when making its determination.

The relevant facts are set forth in the Order dated December 16, 2021 (ECF#30) and the Declaration of Jonathan Uretsky in Response to the Order to Show Cause, which accompanies this Memorandum of Law and is incorporated as if more fully set forth herein.  Here, those facts demonstrate that my "noncompliance was substantially justified" and also that "other circumstances make an award of expenses unjust." *Fed. R. Civ. P. 16(f).*

Here, I took the conference seriously, and reviewed many of the documents pertinent to this case in order to be prepared for the conference.  I attempted to access the conference, and after the first attempt failed, I made repeated attempts to join the conference.  Further, I communicated these difficulties accessing the conference to opposing counsel, and eventually called Chambers. These circumstances (spelled out in more detail in the Uretsky Declaration) prove that my "noncompliance was substantially justified" and also that "other circumstances make an award of expenses unjust."  The justification is that I attempted in good faith to attend.  The other circumstances were the apparent problem with my landline at my office.  This is simply not a series of facts and circumstances upon which a finding and Order of sanctions should issue.

4

The message has been received already, and no sanction is necessary to deter this conduct in the future. "The sanction should be no more severe than is necessary to deter the party against whom it is imposed." *Uretsky v. Acme Am. Repairs*, No. CV–07– 4688(SG), 2011 WL 1131326, at *1 (E.D.N.Y. Mar. 28, 2011) (internal quotation marks and citations omitted). Here, any sanction at all would be "more severe than is necessary to deter" me, and thus the Court should not issue sanctions given the extenuating circumstances. I recognize that missing the conference was wrong and my responsibility. I apologize to both the Court and opposing counsel. Nevertheless, I contend that the facts here do not warrant the imposition of sanctions.

## CONCLUSION

For the foregoing reasons, I respectfully request that no sanctions issue regarding this matter, and I apologize again to the Court and to opposing counsel.

Dated: December 18, 2021
        Brooklyn, New York

Respectfully submitted,

Jonathan Uretsky
411 Broadway, 8th Floor
New York, New York 10006
t: (212) 571-1164

5