Case 1:19-cv-00024-DLI-LB    Document 32-1    Filed 12/18/21    Page 1 of 3 PageID #: 1171



Jon Uretsky <uretsky@pullp.com>

## Re: Activity in Case 1:19-cv-00024-DLI-LB Behrendsen v. Yangtze River Port and Logistics Limited et al Order on Motion to Compel

1 message

**Larry Ding** <larryding578@aol.com>                              Sat, Dec 18, 2021 at 12:24 PM
Reply-To: Larry Ding <larryding578@aol.com>
To: "uretsky@pullp.com" <uretsky@pullp.com>

Hi Jon,

Received. Thank you.

Best regards,

Larry Ding
Marketing and Media Liaison
Yangtze River Port and Logistics Limited

-----Original Message-----
From: Jon Uretsky <uretsky@pullp.com>
To: Larry Ding <larryding578@aol.com>
Sent: Sat, Dec 18, 2021 11:44 am
Subject: Fwd: Activity in Case 1:19-cv-00024-DLI-LB Behrendsen v. Yangtze River Port and Logistics Limited et al Order on Motion to Compel

Larry,

Please see the Court's Order, below. I was unable to access the conference (I'm not certain what caused the problem). Please also note that the Plaintiff's motion regarding Mr. Liu's signature was denied as moot. Let me know a good time to discuss in more depth. Please also translate this for Mr. Liu.

Thank you,
Jon

---------- Forwarded message ---------
From: <ecf_bounces@nyed.uscourts.gov>
Date: Thu, Dec 16, 2021 at 1:48 PM
Subject: Activity in Case 1:19-cv-00024-DLI-LB Behrendsen v. Yangtze River Port and Logistics Limited et al Order on Motion to Compel
To: <nobody@nyed.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**
**U.S. District Court**
**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 12/16/2021 at 1:47 PM EST and filed on 12/16/2021
**Case Name:**        Behrendsen v. Yangtze River Port and Logistics Limited et al
**Case Number:**      1:19-cv-00024-DLI-LB

**Filer:**

**Document Number:** 30

**Docket Text:**

ORDER: The Court held a telephone conference in plaintiffs' putative securities fraud class action case on December 16, 2021. Plaintiffs' motion to compel defendants' responses to plaintiffs' First Set of Interrogatories, ECF No. [29], is denied as moot. Plaintiffs' counsel confirmed on the record during the conference that defendants provided signed and verified interrogatory responses after plaintiffs filed their motion.

Jonathan Uretsky, counsel for defendants Yangtze River Port and Logistics Limited ("Yangtz River") and Xiangyao Liu, failed to appear at today's conference. After waiting for Mr. Uretsky to appear, plaintiffs' counsel emailed him, and my law clerk called him and left a voicemail message instructing him to appear. Plaintiffs' counsel informed the Court that Mr. Uretsky emailed her and stated that he was having trouble using the access code to join the conference. The Court afforded Mr. Uretsky an additional amount of time to join the conference but he failed to appear. After the passage of nearly twenty minutes from the conference's scheduled time, Mr. Uretsky called my Chambers and stated that he was unable to access the conference. Mr. Uretsky was instructed to use the number and access code listed on the docket to join the conference but failed to appear.

The Order scheduling today's conference contained both the Chambers telephone conference line phone number and instructed the parties to use the access code provided. See Electronic Order dated Nov. 9, 2021. Both the telephone number and the access code are correctly listed on the docket. Id. The Court, plaintiffs' counsel, and a Yangtze River investor were all able to join the conference at the appointed time without issue. The Court held a prior conference in another matter immediately before today's conference and the parties in that matter had no issue joining the conference. The Court has held at least two prior telephone conferences in this case, both of which used the same Chambers telephone conference line number and access code as today's conference. Mr. Uretsky was present during those conferences. The access procedures have not changed. The Court ordered defendants to respond to plaintiffs' motion to compel by November 30, 2021 and defendants' counsel failed to do so. See Electronic Order dated Nov. 9, 2021. Counsel's failure to respond to the Court's Order and failure to participate in today's conference is unacceptable. The Court and the parties deserve better. Defendants have retained counsel to represent their interests; they are entitled to have their attorney appear before the Court on their behalf.

When a party "fails to appear at a scheduling or other pretrial conference," courts have the authority to "order the party, its attorney, or both to pay the reasonable expensesincluding attorney's fees" of the party's adversary, "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f). "In deciding whether a sanction is merited, the [C]ourt need not find that a party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction." Mahoney v. Yamaha Motor Corp. U.S.A., 290 F.R.D. 363, 366 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). "While the rule permits fee shifting, it does not create an entitlement to full compensation. Rather, any fees awarded must be related to the expenses incurred as a result of the sanctioned misconduct. Further, the sanction should be no more severe than is necessary to deter the party against whom it is imposed." Uretsky v. Acme Am. Repairs, No. CV-07-4688(SG), 2011 WL 1131326, at *1 (E.D.N.Y. Mar. 28, 2011) (internal quotation marks and citations omitted). Finally, where it is counsel who flouts Court orders, the purpose of Rule 16(f) is "best served by imposing sanctions uponcounsel, rather than" the represented party. Burgie v. Euro Brokers, Inc., No. 05-CV-968(KAM), 2006 WL 845400, at *17 (E.D.N.Y. Mar. 30, 2006).

Accordingly, Mr. Uretsky shall show good cause in writing pursuant to Fed. R. Civ. P. 16(f) by December 30, 2021 why the Court should not personally sanction him in the amount of $300 to be paid to plaintiffs' counsel for his failure to appear at today's conference. Defendants' counsel is also ordered to serve a copy of this Order on his clients and to file

**proof of service forthwith. <u>See Attached Order.</u> Ordered by Magistrate Judge Lois Bloom on 12/16/2021. (Rein, Gilbert)**

**1:19-cv-00024-DLI-LB Notice has been electronically mailed to:**

Jonathan C. Uretsky      uretsky@pullp.com

Phillip Kim      pkim@rosenlegal.com, pkrosenlaw@ecf.courtdrive.com

Leah Heifetz-Li      lheifetz@rosenlegal.com, etexidor@rosenlegal.com, lheifetz@ecf.courtdrive.com

Jacob A. Goldberg      jgoldberg@rosenlegal.com, etexidor@rosenlegal.com

**1:19-cv-00024-DLI-LB Notice will not be electronically mailed to:**
The following document(s) are associated with this transaction:
 **Document description:**Main Document
 **Original filename:**n/a
 **Electronic document Stamp:**
 [STAMP NYEDStamp_ID=875559751 [Date=12/16/2021] [FileNumber=16439764-0
 ] [5f1cbcd8f432146cee1b4adbee96a4b95b54337b57b6afde62d409e1ddc8dc7e62a
 dad3a666dd36b3d04560ba2435c7885c3d74a0d3700e59384b768026b1e33]]